✎AO 245B(05-MA)        (Rev. 06/05) Judgment in a Criminal Case
                       Sheet 1 - D. Massachusetts - 10/05

# UNITED STATES DISTRICT COURT
District of Massachusetts

UNITED STATES OF AMERICA
V.

**NATALIE A. FLEURY**

### JUDGMENT IN A CRIMINAL CASE

Case Number: **1: 07 CR 10377  - 001 - DPW**

USM Number: 27036-038

Jamal T. Aruri

Defendant's Attorney

☑ Additional documents attached

Preliminary Order of Forfeiture & Money Judgment

☐

**THE DEFENDANT:**

☑ pleaded guilty to count(s)   1 through 15 & 16 through 20 of the Indictment on 5/2/2008

☐ pleaded nolo contendere to count(s)
which was accepted by the court.

☐ was found guilty on count(s)
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:                    Additional Counts - See continuation page ☑

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC § 1341 | Mail Fraud | 11/29/05 | 1 of 20 |
| 18 USC § 1341 | Mail Fraud | 12/31/02 | 2 of 20 |
| 18 USC § 1341 | Mail Fraud | 02/28/03 | 3 of 20 |
| 18 USC § 1341 | Mail Fraud | 06/30/03 | 4 of 20 |
| 18 USC § 1341 | Mail fraud | 11/28/03 | 5 of 20 |

The defendant is sentenced as provided in pages 2 through ___22___ of this judgment. The sentence is imposed pursuant to
the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☐ Count(s) _____ ☐ is  ☐ are  dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence,
or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution,
the defendant must notify the court and United States attorney of material changes in economic circumstances.

07/29/08

Date of Imposition of Judgment

*[signature]*

Signature of Judge

The Honorable Douglas P. Woodlock

Judge, U.S. District Court

Name and Title of Judge

July 30, 2008

Date



✎AO 245B(05-MA)      (Rev. 06/05) Judgment in a Criminal Case
                     Sheet 1A - D. Massachusetts - 10/05

Judgment—Page   2   of   22  

DEFENDANT:      **NATALIE A. FLEURY**
CASE NUMBER: **1: 07 CR 10377  - 001 - DPW**

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC § 1341 | Mail Fraud | 01/30/04 | 6 of 20 |
| 18 USC § 1341 | Mail Fraud | 04/30/04 | 7 of 20 |
| 18 USC § 1341 | Mail Fraud | 11/30/04 | 8 of 20 |
| 18 USC § 1341 | Mail Fraud | 01/31/05 | 9 of 20 |
| 18 USC § 1341 | Mail Fraud | 06/30/05 | 10 of 20 |
| 18 USC § 1341 | Mail Fraud | 10/31/05 | 11 of 20 |
| 18 USC § 1341 | Mail Fraud | 12/30/05 | 12 of 20 |
| 18 USC § 1341 | Mail Fraud | 01/31/06 | 13 of 20 |
| 18 USC § 1341 | Mail Fraud | 02/28/06 | 14 of 20 |
| 18 USC § 1341 | Mail Fraud | 03/31/06 | 15 of 20 |
| 26 USC § 7201 | Tax Evasion | 03/16/02 | 16 of 20 |
| 26 USC § 7201 | Tax Evasion | 02/07/03 | 17 of 20 |
| 26 USC § 7201 | Tax Evasion | 02/21/04 | 18 of 20 |
| 26 USC § 7201 | Tax Evasion | 02/10/05 | 19 of 20 |
| 26 USC § 7201 | Tax Evasion | 04/10/06 | 20 of 20 |

AO 245B(05-MA)     (Rev. 06/05) Judgment in a Criminal Case
                   Sheet 2 - D. Massachusetts - 10/05

Judgment — Page     3     of     22

DEFENDANT:   **NATALIE A. FLEURY**                      ■
CASE NUMBER: **1: 07 CR 10377   - 001 - DPW**

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a
total term of:          36        month(s)

EACH COUNT RUN CONCURRENTLY

✓ The court makes the following recommendations to the Bureau of Prisons:

Defendant should participate in a Mental Health Treatment Program.
Defendant should be designated to Fort Devens or, failing that, a facility as close to the Merrimac Valley,
having due regard for her medical issues.
☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

   ☐ at _____ ☐ a.m.   ☐ p.m.   on _____ .

   ☐ as notified by the United States Marshal.

✓ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

   ✓ before 𝕩𝕡𝕩𝕩𝕩𝕩𝕩𝕩     12pm on 9/12/2008   .

   ☐ as notified by the United States Marshal.

   ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

a _____ , with a certified copy of this judgment.

_____

UNITED STATES MARSHAL

By _____

DEPUTY UNITED STATES MARSHAL

AO 245B(05-MA)    (Rev. 06/05) Judgment in a Criminal Case
Sheet 3 - D. Massachusetts - 10/05

Judgment—Page __4__ of __22__

DEFENDANT:    **NATALIE A. FLEURY**    ▣
CASE NUMBER: **1: 07 CR 10377  - 001  - DPW**

## SUPERVISED RELEASE

☑ See continuation page

Upon release from imprisonment, the defendant shall be on supervised release for a term of :    2   year(s)

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed  104  tests per year, as directed by the probation officer.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☑ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

☑ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1)  the defendant shall not leave the judicial district without the permission of the court or probation officer;

2)  the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3)  the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4)  the defendant shall support his or her dependents and meet other family responsibilities;

5)  the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6)  the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7)  the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8)  the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9)  the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10)  the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11)  the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12)  the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13)  as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B(05-MA)   (Rev. 06/05) Judgment in a Criminal Case
Sheet 4A - Continuation Page - Supervised Release/Probation -10/05

DEFENDANT:  **NATALIE A. FLEURY**                Judgment—Page ___5___ of ___22___
CASE NUMBER: **1: 07 CR 10377  - 001 - DPW**

## ADDITIONAL ☑ SUPERVISED RELEASE ☐ PROBATION TERMS

## Continuation of Conditions of ☑ Supervised Release ☐ Probation

THE DEFENDANT IS TO MEET WITH THE INTERNAL REVENUE SERVICE WITHIN THE FIRST 20 DAYS OF THE PERIOD OF SUPERVISION IN ORDER TO DETERMINE THE PRIOR TAX LIABILITY AND IS TO FILE TAX RETURNS AND PAY ANY FUTURE TAXES DUE

SO LONG AS HER FINANCIAL OBLIGATIONS UNDER THIS JUDGMENT ARE OUTSTANDING, DEFENDANT IS PROHIBITED  FROM INCURRING NEW CREDIT CHARGES OR OPENING ADDITIONAL LINES OF CREDIT WITHOUT THE APPROVAL OF THE PROBATION OFFICER

DEFENDANT IS TO PROVIDE THE PROBATION OFFICER ACCESS TO ANY REQUESTED FINANCIAL INFORMATION.  FINANCIAL INFORMATION PROVIDED TO THE PROBATION OFFICE BY THE DEFENDANT MAY BE SHARED WITH THE FINANCIAL LITIGATION UNIT  OF THE US ATTORNEY'S OFFICE

DEFENDANT SHALL NOTIFY THE US ATTORNEY FOR THIS DISTRICT WITHIN 30 DAYS OF ANY CHANGE OF MAILING OR RESIDENCE ADDRESS THAT OCCURS WHILE ANY PORTION OF THE FINE REMAINS UNPAID.

DEFENDANT IS TO PARTICIPATE IN A MENTAL HEALTH  TREATMENT AS DIRECTED BY THE US PROBATION OFFICE.  THE DEFENDANT SHALL BE REQUIRED TO CONTRIBUTE TO THE COSTS OF SERVICES FOR SUCH TREATMENT BASED ON THE ABILITY TO PAY OR AVAILABILITY OF THIRD PARTY PAYMENT

AO 245B(05-MA)  (Rev. 06/05) Judgment in a Criminal Case
Sheet 5 - D. Massachusetts - 10/05

Judgment — Page ___6___ of ___22___

DEFENDANT: **NATALIE A. FLEURY**
CASE NUMBER: **1: 07 CR 10377  - 001  - DPW**

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $  $2,000.00 | $ | $  $755,478.00 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

✓ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| The Florence Crittendon | | $637,444.00 | |
| League Adoption Agency | | | |
| Attn: Ilse Keegan, Director | | | |
| 119 Hall Street | | | |
| Lowell, MA 01854 | | | |
| | | | |
| Internal Revenue Service | | $118,034.00 | |

✓ See Continuation Page

| **TOTALS** | $  $0.00 | $  $755,478.00 |
|---|---|---|

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

✓ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

✓ the interest requirement is waived for the ☐ fine ✓ restitution.

☐ the interest requirement for the ☐ fine ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B(05-MA)     (Rev. 06/05) Judgment in a Criminal Case
                   Sheet 6 - D. Massachusetts - 10/05

Judgment — Page ___7___ of ___22___

DEFENDANT:     **NATALIE A. FLEURY**
CASE NUMBER: **1: 07 CR 10377   - 001 - DPW**

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A ☐ Lump sum payment of $ _____ due immediately, balance due

☐ not later than _____ , or
☐ in accordance ☐ C, ☐ D, ☐ E, or ☐ F below; or

B ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

C ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F ☒ Special instructions regarding the payment of criminal monetary penalties:

DEFENDANT SHALL PAY THE SPECIAL ASSESSMENT OF $2000.00 AND RESTITUTION OF $755,478.00, IMMEDIATELY OR ACCORDING TO A PAYMENT PLAN ESTABLISHED BY THE COURT IN CONSULTATION WITH THE PROBATION OFFICER. RESTITUTION PAYMENTS ARE TO BE MADE FIRST TO THE FLORENCE CRITTENDON LEAGUE ADOPTION AGENCY.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☒ Joint and Several

☒ See Continuation Page

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

✎AO 245B(05-MA)      (Rev. 06/05) Judgment in a Criminal Case
                     Sheet 6A - D. Massachusetts - 10/05

DEFENDANT:       **NATALIE A. FLEURY**
CASE NUMBER:     **1: 07  CR  10377  - 001 - DPW**

Judgment—Page ___8___ of ___22___

## ADDITIONAL DEFENDANTS AND CO-DEFENDANTS HELD JOINT AND SEVERAL

| Case Number Defendant and Co-Defendant Names (including defendant number) | Total Amount | Joint and Several Amount | Corresponding Payee, if appropriate |
|---|---|---|---|
| 07-cr-10377-DPW-1 Natalie A Fleury | $755,478.00 | $118,034.00 | I.R.S. - $118,034.00 |
| 07-cr-10377-DPW-2 Thomas E Fleury, Sr. | $118,034.00 | $118,034.00 | I.R.S. - $118,034.00 |

DEFENDANT:     **NATALIE A. FLEURY**                                    ■                Judgment — Page 9 of 22
CASE NUMBER: **1: 07 CR 10377  - 001 - DPW**
DISTRICT:             **MASSACHUSETTS**

## STATEMENT OF REASONS

**I    COURT FINDINGS ON PRESENTENCE INVESTIGATION REPORT**

A ☑ **The court adopts the presentence investigation report without change.**

B ☐ **The court adopts the presentence investigation report with the following changes.**
(Check all that apply and specify court determination, findings, or comments, referencing paragraph numbers in the presentence report, if applicable.)
(Use Section VIII if necessary.)

1 ☐ **Chapter Two of the U.S.S.G. Manual** determinations by court (including changes to base offense level, or specific offense characteristics):

2 ☐ **Chapter Three of the U.S.S.G. Manual** determinations by court (including changes to victim-related adjustments, role in the offense, obstruction of justice, multiple counts, or acceptance of responsibility):

3 ☐ **Chapter Four of the U.S.S.G. Manual** determinations by court (including changes to criminal history category or scores, career offender, or criminal livelihood determinations):

4 ☐ **Additional Comments or Findings** (including comments or factual findings concerning certain information in the presentence report that the Federal Bureau of Prisons may rely on when it makes inmate classification, designation, or programming decisions):

C ☐ **The record establishes no need for a presentence investigation report pursuant to Fed.R.Crim.P. 32.**

**II   COURT FINDING ON MANDATORY MINIMUM SENTENCE** (Check all that apply.)

A ☑ No count of conviction carries a mandatory minimum sentence.

B ☐ Mandatory minimum sentence imposed.

C ☐ One or more counts of conviction alleged in the indictment carry a mandatory minimum term of imprisonment, but the sentence imposed is below a mandatory minimum term because the court has determined that the mandatory minimum does not apply based on

☐ findings of fact in this case
☐ substantial assistance (18 U.S.C. § 3553(e))
☐ the statutory safety valve (18 U.S.C. § 3553(f))

**III  COURT DETERMINATION OF ADVISORY GUIDELINE RANGE (BEFORE DEPARTURES):**

Total Offense Level:             23
Criminal History Category:   1
Imprisonment Range:        46        to  57        months
Supervised Release Range:   2          to   3          years
Fine Range: $ 10,000        to  $ 100,000
☑ Fine waived or below the guideline range because of inability to pay.

AO 245B (05-MA)  (Rev. 06/05) Criminal Judgment
        Attachment (Page 2) — Statement of Reasons - D. Massachusetts - 10/05

DEFENDANT:    **NATALIE A. FLEURY**                              ▣
CASE NUMBER: **1: 07 CR 10377  - 001 - DPW**
DISTRICT:           **MASSACHUSETTS**

# STATEMENT OF REASONS

## IV    ADVISORY GUIDELINE SENTENCING DETERMINATION (Check only one.)

A ☐   The sentence is within an advisory guideline range that is not greater than 24 months, and the court finds no reason to depart.

B ☐   The sentence is within an advisory guideline range that is greater than 24 months, and the specific sentence is imposed for these reasons. (Use Section VIII if necessary.)

C ☐   The court departs from the advisory guideline range for reasons authorized by the sentencing guidelines manual. (Also complete Section V.)

D ☑   The court imposed a sentence outside the advisory sentencing guideline system.  (Also complete Section VI.)

## V    DEPARTURES AUTHORIZED BY THE ADVISORY SENTENCING GUIDELINES (If applicable.)

A   **The sentence imposed departs** (Check only one.):
    ☐ below the advisory guideline range
    ☐ above the advisory guideline range

B   **Departure based on** (Check all that apply.):

1   **Plea Agreement** (Check all that apply and check reason(s) below.):
    ☐ 5K1.1 plea agreement based on the defendant's substantial assistance
    ☐ 5K3.1 plea agreement based on Early Disposition or "Fast-track" Program
    ☐ binding plea agreement for departure accepted by the court
    ☐ plea agreement for departure, which the court finds to be reasonable
    ☐ plea agreement that states that the government will not oppose a defense departure motion.

2   **Motion Not Addressed in a Plea Agreement** (Check all that apply and check reason(s) below.):
    ☐ 5K1.1 government motion based on the defendant's substantial assistance
    ☐ 5K3.1 government motion based on Early Disposition or "Fast-track" program
    ☐ government motion for departure
    ☐ defense motion for departure to which the government did not object
    ☐ defense motion for departure to which the government objected

3   **Other**
    ☐ Other than a plea agreement or motion by the parties for departure (Check reason(s) below.):

C   **Reason(s) for Departure** (Check all that apply other than 5K1.1 or 5K3.1.)

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| ☐ | 4A1.3 | Criminal History Inadequacy | ☐ | 5K2.1 | Death | ☐ | 5K2.11 Lesser Harm |
| ☐ | 5H1.1 | Age | ☐ | 5K2.2 | Physical Injury | ☐ | 5K2.12 Coercion and Duress |
| ☐ | 5H1.2 | Education and Vocational Skills | ☐ | 5K2.3 | Extreme Psychological Injury | ☐ | 5K2.13 Diminished Capacity |
| ☐ | 5H1.3 | Mental and Emotional Condition | ☐ | 5K2.4 | Abduction or Unlawful Restraint | ☐ | 5K2.14 Public Welfare |
| ☐ | 5H1.4 | Physical Condition | ☐ | 5K2.5 | Property Damage or Loss | ☐ | 5K2.16 Voluntary Disclosure of Offense |
| ☐ | 5H1.5 | Employment Record | ☐ | 5K2.6 | Weapon or Dangerous Weapon | ☐ | 5K2.17 High-Capacity, Semiautomatic Weapon |
| ☐ | 5H1.6 | Family Ties and Responsibilities | ☐ | 5K2.7 | Disruption of Government Function | ☐ | 5K2.18 Violent Street Gang |
| ☐ | 5H1.11 | Military Record, Charitable Service, Good Works | ☐ | 5K2.8 | Extreme Conduct | ☐ | 5K2.20 Aberrant Behavior |
| | | | ☐ | 5K2.9 | Criminal Purpose | ☐ | 5K2.21 Dismissed and Uncharged Conduct |
| ☐ | 5K2.0 | Aggravating or Mitigating Circumstances | ☐ | 5K2.10 | Victim's Conduct | ☐ | 5K2.22 Age or Health of Sex Offenders |
| | | | | | | ☐ | 5K2.23 Discharged Terms of Imprisonment |
| | | | | | | ☐ | Other guideline basis (e.g., 2B1.1 commentary) |

D   **Explain the facts justifying the departure.**  (Use Section VIII if necessary.)

AO 245B ( 05-MA)   (Rev. 06/05) Criminal Judgment
        Attachment (Page 3) — Statement of Reasons - D. Massachusetts 10/05

DEFENDANT:    **NATALIE A. FLEURY**                              Judgment — Page  11  of    22
CASE NUMBER: **1: 07 CR 10377   - 001 - DPW**
DISTRICT:             **MASSACHUSETTS**

## STATEMENT OF REASONS

**VI**   **COURT DETERMINATION FOR SENTENCE OUTSIDE THE ADVISORY GUIDELINE SYSTEM**
          (Check all that apply.)

   A    **The sentence imposed is** (Check only one.):
        ☑ below the advisory guideline range
        ☐ above the advisory guideline range

   B    **Sentence imposed pursuant to** (Check all that apply.):

        1    **Plea Agreement** (Check all that apply and check reason(s) below.):
             ☐   binding plea agreement for a sentence outside the advisory guideline system accepted by the court
             ☐   plea agreement for a sentence outside the advisory guideline system, which the court finds to be reasonable
             ☐   plea agreement that states that the government will not oppose a defense motion to the court to sentence outside the advisory guideline
                 system

        2    **Motion Not Addressed in a Plea Agreement** (Check all that apply and check reason(s) below.):
             ☐   government motion for a sentence outside of the advisory guideline system
             ☐   defense motion for a sentence outside of the advisory guideline system to which the government did not object
             ☑   defense motion for a sentence outside of the advisory guideline system to which the government objected

        3    **Other**
             ☐   Other than a plea agreement or motion by the parties for a sentence outside of the advisory guideline system (Check reason(s) below.):

   C    **Reason(s) for Sentence Outside the Advisory Guideline System** (Check all that apply.)

        ☑  the nature and circumstances of the offense and the history and characteristics of the defendant pursuant to 18 U.S.C. § 3553(a)(1)

        ☑  to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense (18 U.S.C. § 3553(a)(2)(A))

        ☑  to afford adequate deterrence to criminal conduct (18 U.S.C. § 3553(a)(2)(B))

        ☐  to protect the public from further crimes of the defendant (18 U.S.C. § 3553(a)(2)(C))

        ☐  to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner
           (18 U.S.C. § 3553(a)(2)(D))

        ☑  to avoid unwarranted sentencing disparities among defendants (18 U.S.C. § 3553(a)(6))

        ☐  to provide restitution to any victims of the offense (18 U.S.C. § 3553(a)(7))

   D    **Explain the facts justifying a sentence outside the advisory guideline system.** (Use Section VIII if necessary.)

        An incarcerative sentence of more than 36 months is necessary to serve the interests of § 3553 for this 61 year old woman
        with no previous criminal record and a problematic medical condition.

AO 245B ( 05-MA) (Rev. 06/05) Criminal Judgment
    Attachment (Page 4) — Statement of Reasons - D. Massachusetts - 10/05

DEFENDANT:        **NATALIE A. FLEURY**                      Judgment — Page  12  of    22
CASE NUMBER:      **1: 07 CR 10377  - 001 - DPW**
DISTRICT:         **MASSACHUSETTS**

# STATEMENT OF REASONS

## VII  COURT DETERMINATIONS OF RESTITUTION

A  ☐  Restitution Not Applicable.

B  Total Amount of Restitution:      755,478.00

C  Restitution not ordered (Check only one.):

   1  ☐  For offenses for which restitution is otherwise mandatory under 18 U.S.C. § 3663A, restitution is not ordered because the number of
          identifiable victims is so large as to make restitution impracticable under 18 U.S.C. § 3663A(c)(3)(A).

   2  ☐  For offenses for which restitution is otherwise mandatory under 18 U.S.C. § 3663A, restitution is not ordered because determining complex
          issues of fact and relating them to the cause or amount of the victims' losses would complicate or prolong the sentencing process to a degree
          that the need to provide restitution to any victim would be outweighed by the burden on the sentencing process under 18 U.S.C. § 3663A(c)(3)(B).

   3  ☐  For other offenses for which restitution is authorized under 18 U.S.C. § 3663 and/or required by the sentencing guidelines, restitution is not
          ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweigh
          the need to provide restitution to any victims under 18 U.S.C. § 3663(a)(1)(B)(ii).

   4  ☐  Restitution is not ordered for other reasons.  (Explain.)


D  ☐  Partial restitution is ordered for these reasons (18 U.S.C. § 3553(c)):


## VIII  ADDITIONAL FACTS JUSTIFYING THE SENTENCE IN THIS CASE (If applicable.)


Sections I, II, III, IV, and VII of the Statement of Reasons form must be completed in all felony cases.

Defendant's Soc. Sec. No.:     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                    Date of Imposition of Judgment
                                                             07/29/08
Defendant's Date of Birth:     xx/xx/1947

Defendant's Residence Address:  Chelmsford, MA                Signature of Judge
                                                             The Honorable Douglas P. Woodlock    Judge, U.S. District Court
Defendant's Mailing Address:                                 Name and Title of Judge
                                Same as above                Date Signed    July 30, 2008

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
UNITED STATES OF AMERICA,        )
                                 )
        v.                       )  CRIMINAL NO. 07-10377-DPW
                                 )
NATALIE A. FLEURY,               )
            Defendant.           )
```

**PRELIMINARY ORDER OF FORFEITURE**

**WOODLOCK, D.J.,**

WHEREAS, on November 14, 2007, the federal grand jury of

this District returned a twenty-count Indictment charging

defendant Natalie A. Fleury (the "Defendant") with mail fraud and

aiding and abetting, in violation of 18 U.S.C. § 1341 and 2

(Counts One through Fifteen), and tax evasion and aiding and

abetting, in violation of 26 U.S.C. § 7201 and 18 U.S.C. § 2

(Counts Sixteen through Twenty);

WHEREAS, the Indictment also contained a Fraud Forfeiture

Allegation against the Defendant, which sought the forfeiture,

pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), of

any property, real or personal, that constitutes, or is derived

from, proceeds traceable to the commission of the offenses

charged in Counts One through Fifteen of the Indictment,

including, without limitation, the following:

   (a)  approximately $637,440.00 in United States currency;

   (b)  the real property located at 13 Lundberg Street,
        Lowell, Massachusetts, including all buildings,
        appurtenances, and improvements thereon, as described
        in more detail and recorded in the Middlesex County

Registry of Deeds at Book 11513, Page 062 (the "Lowell Property");

(c) Ameriprise Financial/American Express non-qualified annuity account number FXA896630, held in the name of Thomas E. Fleury (the "Annuity");

(d) all funds on deposit in Enterprise Bank and Trust savings account number 10070512, held in the names of Thomas E. Fleury and Natalie A. Fleury (the "Savings Account"); and

(e) one 1999 Casa Villa recreational vehicle, bearing Vehicle Identification Number 1C921OR20X1023917 (the "RV");

WHEREAS, the Indictment further provided that, if the forfeitable properties described above, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) have been transferred or sold to, or deposited with, a third party; (c) have been placed beyond the jurisdiction of the Court; (d) have been substantially diminished in value; or (e) have been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of all other property of the Defendant, up to the value of the forfeitable property, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c);

WHEREAS, on June 2, 2008, at the plea hearing, the Defendant pled guilty to Counts One through Twenty of the Indictment;

WHEREAS, the Defendant admitted that the proceeds of her crimes were more than $637,444.00, and that some of the proceeds

2

were used to purchase the RV and the Annuity, to renovate the Lowell Property, and to maintain the Savings Account;

WHEREAS, based upon the Defendant's guilty plea and her admissions during the plea hearing, the United States has established the requisite nexus between the Lowell Property, the Annuity, the Savings Account, and the RV (collectively, the "Properties") and the offenses to which the Defendant has pleaded guilty;

WHEREAS, accordingly, the Properties are subject to forfeiture to the United States pursuant to 18 U.S.C. § 981 and 28 U.S.C. § 2461(c); and

WHEREAS, as a result of the Defendant's guilty plea, and pursuant to 21 U.S.C. § 853(a), as incorporated by 18 U.S.C. § 981 and 28 U.S.C. § 2461(c), and Rule 32.2 of the Federal Rules of Criminal Procedure, the United States is now entitled to a Preliminary Order of Forfeiture against the Properties, or substitute assets, in a value up to the value of the Properties.

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, and DECREED:

1.   Pursuant to Rule 32.2(b)(1) of the Federal Rules of Criminal Procedure, the Court finds, based upon the Defendant's guilty plea and admissions at the plea hearing, that the government has established the requisite nexus between the Properties and the offenses to which the Defendant has been found guilty.  Accordingly, the Properties are hereby forfeited to the

3

United States of America for disposition pursuant to 21 U.S.C. §
853, as incorporated by 28 U.S.C. § 2461(c).

2. Pursuant to Rule 32.2(b)(3) of the Federal Rules of
Criminal Procedure, the United States Marshals Service is hereby
authorized to seize the Properties and maintain them in its
secure custody and control.

3. Pursuant to 21 U.S.C. § 853(n)(1), as incorporated by
28 U.S.C. § 2461(c), the United States shall publish, at least
once for three successive weeks in the Boston Herald or any other
newspaper of general circulation in the district, notice of this
Order and of the United States' intent to dispose of the
Properties in such manner as the Attorney General may direct.

4. Pursuant to 21 U.S.C. § 853(n)(1), as incorporated by
28 U.S.C. § 2461(c), the United States shall also publish, for
thirty (30) consecutive calendar days, notice of this Order and
of the United States' intent to dispose of the Properties in such
manner as the Attorney General may direct on the government
website www.forfeiture.gov.

5. Pursuant to 21 U.S.C. § 853(n), as incorporated by 28
U.S.C. § 2461(c), the United States shall give, to the extent
practicable, direct written notice to any person known to have
alleged an interest in the Properties to be forfeited.

6. Pursuant to 21 U.S.C. § 853(n)(2) and (3), as
incorporated by 28 U.S.C. § 2461(c), the notice referred to above

4

shall state: (a) that any person, other than the Defendant, asserting a legal interest in the Properties, shall, within thirty (30) days of the final publication of the notice or that person's receipt of direct written notice, whichever is earlier, file a petition with the United States District Court in Boston, Massachusetts, requesting a hearing to adjudicate the validity of his or her interest in the Properties; and (b) that the petition shall be signed by the petitioner under the penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Properties, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Properties, any additional facts supporting the petitioner's claim, and the relief sought.

7.   Pursuant to 21 U.S.C. § 853(n)(7), as incorporated by 28 U.S.C. § 2461(c), following the Court's disposition of all petitions filed under this subsection, or if no such petitions are filed following the expiration of the period provided in 21 U.S.C. § 853(n)(2), as incorporated by 28 U.S.C. § 2461(c), for the filing of such petitions, the United States of America shall have clear title to the Properties.

8.   Upon adjudication of all third party interests, this Court will enter a Final Order of Forfeiture pursuant to 21 U.S.C. § 853, as incorporated by 28 U.S.C. § 2461(c), and Rule

32.2 of the Federal Rules of Criminal Procedure, in which all
interests will be addressed.

9.    Pursuant to Rule 32.2(b)(3) of the Federal Rules of
Criminal Procedure, this Preliminary Order of Forfeiture will
become final as to the Defendant at the time of her sentencing,
will be part of the Defendant's criminal sentence, and will be
included in the criminal judgment entered by this Court against
her.

DOUGLAS P. WOODLOCK
United States District Judge

Dated: July 29, 2008



6

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,        )
                                 )
        v.                       )   CRIMINAL NO. 07-10377-DPW
                                 )
NATALIE A. FLEURY,               )
        Defendant.               )

**MONEY JUDGMENT**

**WOODLOCK, D.J.,**

WHEREAS, on November 14, 2007, the federal grand jury of
this District returned a twenty-count Indictment charging
defendant Natalie A. Fleury (the "Defendant") with mail fraud and
aiding and abetting, in violation of 18 U.S.C. § 1341 and 2
(Counts One through Fifteen), and tax evasion and aiding and
abetting, in violation of 26 U.S.C. § 7201 and 18 U.S.C. § 2
(Counts Sixteen through Twenty);

WHEREAS, the Indictment also contained a Fraud Forfeiture
Allegation against the Defendant, which sought the forfeiture,
pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), of
any property, real or personal, that constitutes, or is derived
from, proceeds traceable to the commission of the offenses
charged in Counts One through Fifteen of the Indictment,
including, without limitation, the following:

  (a)  approximately $637,440.00 in United States currency;

  (b)  the real property located at 13 Lundberg Street,
       Lowell, Massachusetts, including all buildings,
       appurtenances, and improvements thereon, as described
       in more detail and recorded in the Middlesex County

Registry of Deeds at Book 11513, Page 062 (the "Lowell Property");

(c)  Ameriprise Financial/American Express non-qualified annuity account number FXA896630, held in the name of Thomas E. Fleury (the "Annuity");

(d)  all funds on deposit in Enterprise Bank and Trust savings account number 10070512, held in the names of Thomas E. Fleury and Natalie A. Fleury (the "Savings Account"); and

(e)  one 1999 Casa Villa recreational vehicle, bearing Vehicle Identification Number 1C921OR20X1023917 (the "RV");

WHEREAS, the Indictment further provided that, if the forfeitable properties described above, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) have been transferred or sold to, or deposited with, a third party; (c) have been placed beyond the jurisdiction of the Court; (d) have been substantially diminished in value; or (e) have been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of all other property of the Defendant, up to the value of the forfeitable property, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c);

WHEREAS, on June 2, 2008, at the plea hearing, the Defendant pled guilty to Counts One through Twenty of the Indictment;

WHEREAS, the Defendant admitted that the proceeds of the offenses in violation of 18 U.S.C. § 1341 to which she pled guilty, and the total amount of money involved in the offenses in

2

violation of 18 U.S.C. § 1341 to which she pled guilty, totaled
at least $637,444.00 in United States currency;

WHEREAS, based upon the Defendant's guilty plea and her
admissions during the plea hearing, the United States is entitled
to pursue a money judgment against the Defendant, pursuant to 18
U.S.C. § 981(a)(1)(C), and 28 U.S.C. § 2461(c), in an amount up
to $637,444.00 in United States Currency (the "Money Judgment");
and

WHEREAS, Rule 32.2(c)(1) of the Federal Rules of Criminal
Procedure provides that "no ancillary proceeding is required to
the extent that the forfeiture consists of a money judgment."

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, and DECREED:

1.    The Defendant shall forfeit to the United States the
sum of $637,444.00 in United States currency, pursuant to 18
U.S.C. § 981(a)(1) and 28 U.S.C. § 2461(c).

2.    This Court shall retain jurisdiction in the case for
the purpose of enforcing this Money Judgment.

3.    The United States may, at any time, move pursuant to
Rule 32.2(e) of the Federal Rules of Criminal Procedure to amend
this Order to substitute property having a value not to exceed
the amount set forth in Paragraph 1 to satisfy the money judgment
in whole or in part.

4.    Upon entry of a Final Order of Forfeiture against any
specific property in this case, this Money Judgment shall be
reduced by the value of such specific property forfeited to the
United States.

5.    Pursuant to Rule 32.2(b)(3), this Order shall be
included in the sentences pronounced and imposed by the Court at
the sentencing hearing, and in the criminal judgment entered by
this Court against the Defendant.

DONE AND ORDERED in Boston, Massachusetts, this ____ day of
_____, 2008.


DOUGLAS P. WOODLOCK
United States District Judge

Dated: 7/25/08



4